54 CCPA

The **PROCTER & GAMBLE COMPANY**,
Appellant,

v.

David A. **COHEN**, Appellee.

Patent Appeal No. 7782.

United States Court of Customs and Patent Appeals.

April 6, 1967.

John W. Melville, Cincinnati, Ohio, for appellant.

Albert J. Kramer, Washington, D. C., for appellee.

Before WORLEY, Chief Judge, RICH, SMITH, ALMOND, Judges, and WILLIAM H. KIRKPATRICK.*

ALMOND, Judge.

The Procter & Gamble Company appeals from the decision of the Trademark Trial and Appeal Board dismissing its

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

opposition to appellee's application[1] to register the mark reproduced below as a certification mark for disinfectants, insecticides, wood and metal polishes, compositions for application to floor surfaces, including waxes, preservatives and sealants, glass cleaners, liquid soaps, soap powders, detergents, and compositions for application to floors to facilitate sweeping.

Appellant's opposition is based on its ownership and priority of use of the following registrations: MR. CLEAR[2] for a windshield cleaner; and MR. CLEAR,[3] MR. SHEEN,[4] MRS. CLEAN,[5] LADY CLEAN,[6] the design mark shown below,[7]

1. Serial No. 144,461, filed May 14, 1962.

2. Reg. No. 683,773, issued August 18, 1959.

3. Reg. No. 697,194, issued May 3, 1960.

4. Reg. No. 699,967, issued June 21, 1960.

5. Reg. No. 711,333, issued February 14, 1961.

6. Reg. No. 723,976, issued November 14, 1961.

7. Reg. No. 665,866, issued August 12, 1958.

and MR. CLEAN,[8] all for sudsing cleaner, cleanser and detergent:

There is no issue here of ownership and priority of use. The record establishes that these factors clearly reside with appellant. Also, the goods of the respective parties, as found by the board, "are in part identical in kind." The sole question presented is whether the mark which appellee seeks to register so resembles *in its entirety* appellant's registrations as to be likely, when applied to appellee's certified goods, to cause confusion or mistake or to deceive.

The board unanimously held, and we agree, that:

> * * * applicant's mark is readily distinguishable in every material respect from opposer's design mark of a fanciful human, and "MR. CLEAR," "MR. SHEEN," "LADY CLEAN" and "MRS. CLEAN."

For reasons appearing of record, not necessary to detail, the board initially failed to consider as a part of opposer's record its mark MR. CLEAN for sudsing cleaner, cleanser, and detergent.

Upon reconsideration, the board found and held, with one member dissenting, that:

> * * * "MR. CLEAN" is readily distinguishable from applicant's mark "MR. SANI-TERRY," and the picturization of a grotesque human, in every material respect. While opposer urges that the words "clean" and "sanitary" have the same connotation, these words are not synonymous in meaning. Moreover, applicant's mark is obviously not "MR. SANITARY." Insofar as the word feature of applicant's mark might suggest cleanliness, the mere fact that the marks of the parties both

attempt to suggest the same desirable characteristics of the products [with] which they are associated does not necessarily make them confusingly similar. See: E. L. Bruce Company v. American Termicide Company, Inc., 128 USPQ 341 (CCPA, 1960); and Zephyr American Corporation v. The Esterbrook Pen Company, 135 USPQ 85 (TT & A Bd., 1962), and cases cited therein. Considering applicant's mark in its entirety, it must be concluded that it does not so resemble opposer's "MR. CLEAN" as to be likely, when applied to the goods assertedly certified by applicant, to cause confusion or mistake.

Notwithstanding the fact that the goods of the parties are in part identical in kind, we are not persuaded of reversible error in the decision of the board. Appellant's argument seems to ignore appellee's mark as it appears in its entirety, concentrating stress upon the name MR. SANI-TERRY alone or apart from the personified design depicted as a vital part of appellee's mark. It is this design, we think, which catches the eye as the dominant feature of the composite mark sought to be registered, and it is completely different from anything shown in the registered marks of appellant. While it is true that MR. SANI-TERRY is the phonetic equivalent of "Mr. Sanitary," it is clearly obvious that neither MR. SANI-TERRY nor "Mr. Sanitary" is phonetically equivalent to MR. CLEAN, on which appellant places primary reliance.

With respect to appellant's reliance upon the courtesy titles such as "Mr.," "Mrs.," or "Lady" in conjunction with words or designs having cleaning significance, we agree with the board that the record is devoid of proof which tends in any way to show that appellant has either advertised these marks together or otherwise established that it is entitled to a "family" of marks.

Upon review of the cases cited and arguments of counsel, we affirm the decision of the board.

Affirmed.

---

8. Reg. No. 658,915, issued February 25, 1958.